# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MAURICE N. GAINES and ANTHONY R. MITCHELL, | ) )  )  |
| Plaintiffs, | ) ) |
| v. | ) ) |
| COMTRAK LOGISTICS, INC., | ) ) |
| Defendant. | ) ) |

Case No. 3:11-cv-00581

District Judge Kevin H. Sharp

Magistrate E. Clifton Knowles

## *REVISED* AGREED PROTECTIVE ORDER

Upon agreement of the parties, as evidenced by the signatures of their respective counsel hereto, the following Protective Order is entered pursuant to the provisions of Rule 26(c)(1) of the Federal Rules of Civil Procedure.

IT HEREBY ORDERED:

1. The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of sensitive, confidential and/or proprietary information. All information protected by this Order will be referred to as "Confidential Information" and designated as such. Confidential Information is defined as: (a) personnel records and compensation information pertaining to Defendant's current or former employees and independent contractors (other than Plaintiffs); (b) the load records, processes, business plans, marketing plans, existing systems, technology, trade secrets (including historical or anticipated margin or profit), procedures and protocols, manuals, guides, specifications and programs, and those in development, customer lists, customer needs and requirements, employee lists, financial information and all information received in confidence from third parties; and (c) any other non-publicly available documents or information relating to the conduct of Defendant's business of a sensitive or proprietary nature.

2. Confidential Information shall be maintained in confidence by the receiving party and shall not be disclosed to any person except: (a) Plaintiffs; (b) the parties' attorneys and those with a need to know within Defendant's business; (c) the Court; (d) employees of the parties' attorneys; (e) witnesses at a deposition; and (f) expert witnesses or consultants expressly employed or retained by the attorneys or a party to this litigation to whom it is necessary to disclose Confidential Information for the purpose of prosecuting or defending this litigation.

3. Any person or entity to whom Confidential Information is disclosed in accordance with this Protective Order should be given a copy of this Order and is hereby advised that they may use Confidential Information solely in connection with the prosecution or defense of this litigation, and are hereby ordered that they shall not disclose such Confidential Information to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

4. Plaintiffs, and their attorneys, shall not, in any matter, directly or indirectly, transfer or disclose the content of any written or printed information, or data designated "Confidential" by Defendant and provided by Defendant in response to formal or informal interrogatories, requests for production of documents, subpoena, deposition testimony, or otherwise, either orally or in writing, to any person, except in connection with the preparation for, and the conduct of; this litigation, and any person receiving such information within the restrictions of this Order shall be bound by the terms and provisions of this Order; all such documents and information shall be stamped "Confidential" or designated "Confidential" in writing by Defendant. Defendant may designate by letter to Plaintiffs' counsel any documents or information already produced which are to be regarded as "Confidential" and subject to the terms of this Order. Deposition transcripts of any representative of Defendant shall first be delivered to the attorneys for Defendant who shall have ten (10) days to mark pages of such transcript as "Confidential."

5. Confidential Information is not to be filed with this Court except when required in connection with motions or other matters pending before this Court. If any party intends to file Confidential Information, such Confidential Information shall be filed under seal pursuant to the Court's Administrative Order No. 167 entered on April 18, 2005, ==and the procedures set forth in Proctor & Gamble Co v. Bankers Trust Co, 78 F3d 219 (6th Cir. 1996).==

6. Unless otherwise agreed to in writing by the parties or ordered by this Court, any materials subject to this Protective Order, shall be used solely for the preparation and prosecution of claims or defenses in the above-captioned case, including interviewing witnesses or preparing a witness to give testimony, and for no other purpose.

7. Plaintiffs shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If at any time Plaintiffs disagree with a designation of information as confidential under this Order, Plaintiffs shall notify Defendant in writing that Plaintiffs no longer intend to treat that information as confidential, and the parties shall attempt to resolve the dispute as required by Rule 26(c) of the Federal Rules of Civil Procedure. If the parties are unable to resolve the dispute in this manner, then within five (5) business days after such failure, Defendant may apply to the Court for a ruling as to the confidentiality of the information under Rule 26(c) of the Federal Rules of Civil Procedure. This application shall set forth in detail the reasons why the information is entitled to confidential treatment. The confidentiality of any information for which such an application is submitted shall be maintained until the Court rules on the application.

8. The Court retains final authority to determine what is or is not a "Confidential" document and to remove the "Confidential" designation from any document governed by this Order as necessary to protect the public interest.

9. Within thirty (30) days after the final termination of this litigation (by settlement, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), all Confidential Information, except that filed with the Court, shall be destroyed or

retained in a manner which preserves its confidentiality, including all copies, excerpts, analyses or summaries thereof.  Plaintiffs' counsel may retain attorney work-product concerning Confidential Information. Counsel for Plaintiffs is further allowed to maintain one (1) copy of all documents covered by this Order in counsel's professional closed file.  However, counsel for the Plaintiffs remains bound by the terms of this Order for so long as counsel maintains, in a professional closed file or elsewhere, a copy of any and all documents covered by this Order.

10. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his client and/or prosecuting or defending this case.

IT IS SO ORDERED.

ENTERED: /s/ E. Clifton Knowles                Dated:_____
Magistrate Judge E. Clifton Knowles
Middle District of Tennessee

This Order is agreed to by the undersigned parties:


/s/ Benjamin A. Gastel                                    Dated: December 15, 2011
One Of The Attorneys For Plaintiffs Maurice Gaines
and Anthony Mitchell

/s/ Michelle K. Mellinger                                 Dated: December 15, 2011
One Of The Attorneys For Defendant Comtrak
Logistics, Inc.